IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DUBOSE and THEA DUBOSE, individually and on behalf of all other persons similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>WYNDHAM VACATION RESORTS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 20-1118-CFC |

Herbert W Mondros, RIGRODSKY LAW, P.A., Wilmington, Delaware; Howard B. Prossnitz, LAW OFFICES OF HOWARD B. PROSSNITZ, Oak Park, Illinois; Adam Szulczewski, Chicago, Illinois

　　　*Counsel for Plaintiffs*

Matthew Denn, DLA PIPER LLP (US), Wilmington, Delaware

　　　*Counsel for Defendant*

## **MEMORANDUM OPINION**

July 26, 2021
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiffs David and Thea DuBose filed this putative class action against

Defendant Wyndham Vacation Resorts, Inc. on August 26, 2020.  D.I. 1 at 1.

Plaintiffs purport to allege in their Complaint claims of fraud and negligent

misrepresentation.  Pending before me is Wyndham's Motion to Dismiss.  D.I. 5.

Wyndham argues, and I agree, that the Complaint should be dismissed as time-

barred pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (I

therefore need not and do not address other grounds for dismissal asserted by

Wyndham.)

I.      **BACKGROUND**

Wyndham, a Delaware corporation, operates a timeshare ownership program

that sells ownership interests in the form of points that can be used as currency to

stay at Wyndham resorts.  D.I. 1 ¶¶ 26, 28, 32.  The DuBoses allege that Wyndham

employees made misrepresentations about the timeshare program and omitted

material facts in sales presentations.  D.I. 1 ¶¶ 2–7.

Sometime before June 23, 2016, the DuBoses attended a Wyndham sales

presentation while on vacation in Panama City, Florida.  D.I. 1 ¶ 43.  Pursuant to a

signed contract dated June 23, 2016, the DuBoses purchased 120,000 points for

$23,300.  D.I. 1 ¶ 46.

The DuBoses allege that during the sales presentation they attended

Wyndham sales agents misrepresented to them

> that they would never have to pay for another vacation
> for the rest of their lives; that they would be able to
> vacation at resorts throughout the world; that they could
> leave their timeshare to their children; that they would be
> saving tens of thousands of dollars on their vacations;
> that they would have special privileges at the newly
> opened Wyndham Rio Mar resort in Puerto Rico; that
> there would be availability of resort destinations; that
> they could make money by renting out their ownership
> points; . . . that their points could be resold; . . . [and] that
> the offer being made to them was a special one that was
> good for that day only.

D.I. 1 ¶ 44. The DuBoses also allege that the Wyndham sales representatives

failed to disclose:

(1)  That points expire annually if not used;

(2)  That maintenance fees increase significantly almost
     every year;

(3)  That using Wyndham points is often more expensive
     than booking properties or travel through non-
     Wyndham public websites;

(4)  That Wyndham destinations are often not available;

(5)  That Wyndham resorts significantly limit space
     available to Wyndham Owners since Wyndham is more
     interested in selling timeshares to new Owners than
     providing space to existing Owners;

(6)  That booking fees exist;

(7)  That the resale and rental value of the timeshares is
     extremely limited; and

2

> (8) Other material aspects of the Club Wyndham
> program[.]

D.I. 1 ¶ 45.

The DuBoses allege that after they signed their contract, they "discovered significant availability problems" when trying to book rooms at Wyndham destinations, encountered problems trying to receive the "all-inclusive benefits" at the Rio Mar Wyndham resort in Puerto Rico, and discovered that only five rooms were set aside for timeshare purchasers at the Pigeon Forge Wyndham resort in Tennessee. D.I. 1 ¶¶ 47–48. Based on these discoveries, the DuBoses concluded that "their timeshare was of very limited value [and] [t]hey would be better off staying at Wyndham resorts as cash customers." D.I. 1 ¶ 48.

The DuBoses asked Wyndham to cancel their agreement, but Wyndham has refused to do so. D.I. 1 ¶ 49. The DuBoses also paid $3,500 to a "timeshare exit company" that has been unsuccessful in canceling the DuBoses' agreement. D.I. 1 ¶ 49. The DuBoses have stopped making payments to Wyndham, causing damage to their credit rating. D.I. 1 ¶ 50.

In the Complaint's statement of jurisdiction and venue, the DuBoses allege that Florida's four-year statute-of-limitations period governs their claims. They further allege that because they were putative class members in a federal class action lawsuit filed in Illinois on August 14, 2019 that remained pending until dismissed by the court on February 12, 2020, "the limitations period has been

3

tolled for 181 days." D.I. 1 ¶¶ 23, 24.  According to the Complaint, the DuBoses'

claims "are timely" because their "contract is dated June 23, 2016" and, "[d]ue to

tolling, they ha[d] 181 days after June 23, 2020 to file suit—up to and including

December 21, 2020." D.I. 1 ¶ 25.

Plaintiffs filed their Complaint on August 26, 2020, seeking injunctive relief,

contract recission, and damages (compensatory, restitution, punitive and attorneys'

fees) for themselves and a putative class comprised of individuals who signed

contracts with Wyndham in Florida on or after January 27, 2016 after attending a

Wyndham sales presentation and who have unsuccessfully requested cancellation

of their contracts.  D.I. 1 ¶ 56; D.I. 1 at 24–25.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

To state a claim on which relief can be granted, a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the

complaint must include more than mere "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (citation omitted).  The complaint must set forth enough

facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at

570.  A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### B.   Statute of Limitations

Although "the strict language of Rule 8(c) . . . requires that a limitations defense be raised in the answer," "the so-called 'Third Circuit Rule'. . . permits a limitations defense to be raised by a motion under Rule 12(b)(6), . . . if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135–36 (3d Cir. 2002) (citations omitted).

Notwithstanding the allegation in the Complaint that Florida's statute of limitations governs their claims, the DuBoses concede in their briefing that Delaware's three-year statute of limitations applies to their claims.  D.I. 9 at 10.[1]

---

[1] "A federal court, sitting in diversity, follows the forum's choice of law rules to determine the applicable statute of limitations." *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985) (citation omitted).  Under Delaware's borrowing statute,

> [w]here a cause of action arises outside of [Delaware], an action cannot be brought in a court of [Delaware] to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of [Delaware], or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

Under Delaware law, a tolling of the statute of limitations "may occur where there is fraudulent concealment, inherently unknowable injury, or equitable tolling." *TL of Fla., Inc. v. Terex Corp.*, 54 F. Supp. 3d 320, 328 (D. Del. 2014). As Judge Stark explained in *Terex*:

> Each of these doctrines permits tolling of the limitations period where the facts underlying a claim were so hidden that a reasonable plaintiff could not timely discover them. Under the "discovery rule" the statute of limitations is tolled when the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of. If the rule is applicable, the statute of limitations will begin to run upon the discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts. A claim of fraudulent concealment requires an "affirmative misrepresentation" by the defendant and will toll the relevant statute of limitations only until the plaintiff discovers his rights or could have discovered his rights by the exercise of reasonable diligence.

*Id.* (internal quotation marks, alterations, and citations omitted).

Under Delaware law, a claim of negligent misrepresentation accrues on the day the alleged misrepresentation was made. *Krahmer v. Christie's Inc.*, 903 A.2d 773, 778 (Del. Ch. 2006). "A claim for fraudulent inducement accrues when the [alleged] fraudulent statements were made, which must be on or before the date

---

10 Del. C. § 8121. The Delaware statute of limitations for claims that sound in fraud is three years. 10 Del. C. § 8106(a).

when the parties entered into the contract." *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2015 WL 11120934, at *4 (Del. Super. Ct. Dec. 29, 2015) (citations omitted). "When a complaint asserts a cause of action that on its face accrued outside the statute of limitations, the plaintiffs have the burden to plead facts leading to a reasonable inference that one of the tolling doctrines adopted by Delaware courts applies." *Winklevoss Capital Fund, LLC v. Shaw*, 2019 WL 994534, at *5 (Del. Ch. Mar. 1, 2019) (internal quotation marks and citations omitted).

## III.   ANALYSIS

It is undisputed that the DuBoses signed their contract with Wyndham on June 23, 2016. It is also undisputed that they filed their Complaint on August 26, 2020—i.e., 430 days after the three-year statute of limitations expired. Accordingly, the DuBoses' claims are time-barred unless their pleading establishes that the statute of limitations was tolled for at least 430 days.

The Complaint expressly alleges that "the limitations period [for the DuBoses' claims] has been tolled for 181 days." D.I. 1 ¶ 24. This judicial admission is binding. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("[T]he allegation in the amended complaint is a binding judicial admission."); *see also Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) ("Judicial admissions are formal concessions in the

7

pleadings, or stipulations by the party or its counsel, that are binding upon the party making them."). Thus, assuming for argument's sake that the filing and pendency of the Illinois class action tolled the statute of limitations for the DuBoses' claims,[2] that tolling period expired 249 days before the DuBoses filed their Complaint. Accordingly, the claims are time-barred.

Even without the DuBoses' admission that the limitations period was tolled for 181 days, their claims would be time-barred because the Complaint does not plead facts that support the application of a tolling exception to the limitations period. The DuBoses argue that they "were under no obligation to plead facts in the Complaint concerning the discovery rule or fraudulent concealment which would toll the statute of limitations." D.I. 9 at 9–10. But under Delaware law, the "plaintiff-friendly inferences" required in the usual Rule 12(b)(6) analysis "do[] not govern assertion of tolling exceptions to the operation of a statute of limitations." *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 525 (Del. Ch. 2005). Instead, "[a] plaintiff asserting a tolling exception must plead facts supporting the applicability of th[ose] exception[s]." *Id.* (citation omitted).

---

[2] The DuBoses argue that the filing and pendency of the Illinois class action suit tolled their claims under *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974). D.I. 9 at 12–13. I need not and do not address whether *American Pipe* applies to the asserted claims.

Here, the Complaint does not allege facts that support tolling under the discovery rule or fraudulent concealment exceptions. "Under the 'discovery rule' the statute of limitations is tolled when the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of." *Terex*, 54 F. Supp. 3d at 328. This doctrine required the DuBoses to plead facts that show it was "practically impossible for [them] to discover the existence of a cause of action." *See In re Tyson Foods, Inc.*, 919 A.2d 563, 584 (Del. Ch. 2007). But the DuBoses allege only that they "discovered significant availability problems" and realized "[n]on-Wyndham members had greater privileges and benefits than they did" after they "made numerous efforts to book Wyndham destinations." D.I. 1 ¶ 47. Putting aside the fact that the DuBoses never allege when they discovered these availability problems and privilege and benefit discrepancies with non-Wyndham members, the Complaint alleges no facts from which it could be inferred that the discovery of these problems and discrepancies was inherently unknowable at the time the DuBoses signed their contract or that the DuBoses lacked the ability to discover these issues before signing their contract and thus could be fairly described as blameless. *See Smith v. Donald L. Mattia, Inc.*, 2012 WL 252271, at *3 n.18 (Del. Ch. Jan. 13, 2012) ("An injury is not 'inherently unknowable' where a plaintiff possesses all of the tools to discover it, but simply waits a while.").

The doctrine of fraudulent concealment applies only "when a defendant has fraudulently concealed from a plaintiff the facts necessary to put him on notice of the truth." *Tyson,* 919 A.2d at 585.  To benefit from this doctrine, "a plaintiff must allege an affirmative act of 'actual artifice' by the defendant that either prevented the plaintiff from gaining knowledge of material facts or led the plaintiff away from the truth." *Id.* (citations omitted).  The DuBoses, however, do not allege that Wyndham took any action to prevent them from gaining knowledge of Wyndham's fraudulent conduct.  They argue in their briefing that "Wyndham engaged in fraudulent concealment by saying that the solution to timeshare problems was to buy more points," but they admit that they did not allege that Wyndham made that representation to them.  *See* D.I. 9 at 11–12 (listing as two factual questions left unresolved by the Complaint: "Did Wyndham continue to make fraudulent representations after Plaintiffs signed their contract?  Did Wyndham tell Plaintiffs that the solution to their problem was to spend more money and buy more points?").  Moreover, the Complaint alleges specifically that "[m]ultiple negligent misrepresentations and omissions were made *at the Wyndham sales presentations* as alleged above."  D.I. 1 ¶ 74 (emphasis added).  The Complaint does not allege that any misrepresentations were made by Wyndham to the DuBoses after they attended Wyndham's sales presentation.

Lastly, the DuBoses argue that their Complaint cannot be dismissed as time-barred because "the[] applicability [of the tolling exceptions] is a fact issue." D.I. 9 at 10. This argument is precluded by the DuBoses' judicial admission that the tolling period is 181 days and by their obligation under Delaware law to plead any facts supporting the applicability of tolling exceptions, *Pettinaro Enters.*, 870 A.2d at 525. Moreover, the DuBoses have not pointed to any fact not in their possession at the time they filed their Complaint that would bear on the applicability or duration of a tolling exception to the statute of limitations.

## IV. CONCLUSION

For the reasons stated above, I will grant Wyndham's motion to dismiss. The Court will enter an Order consistent with this Memorandum Opinion.